IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jaminson Drain,<br><br>    Plaintiff,<br><br>vs.<br><br>Industrial Door Contractors, Inc., and James Carlton Copeland,<br><br>    Defendants. | Case No.: 3:25-4322-JFA<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff brings this Complaint against Defendants based upon the allegations set forth below:

1. Plaintiff is a citizen and resident of the state of South Carolina.

2. At all times relevant to this action Defendant Industrial Door Contractors, Inc. (hereinafter "IDC") was a corporation existing and organized under the laws of the State of Tennessee and with its principal place of business in the State of Tennessee.

3. At all times relevant to this action Defendant James Carlton Copeland (hereinafter "Copeland") was a citizen and resident of the State of Georgia.

4. This controversy stems from a motor vehicle collision that occurred in Lexington County on December 3, 2024, resulting in severe personal injuries to the Plaintiff.

5. Because of the traumatizing nature of the wreck and the grievous nature of the physical and emotional injuries sustained by the Plaintiff, the amount in controversy exceeds $75,000.00.

6. Because Plaintiff is a citizen and resident of South Carolina and IDC and Copelan are residents of Tennessee and Georgia, respectively, there is complete diversity of the parties.

7. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

8. This Court also has personal jurisdiction over the Defendants because the collision occurred in the state of South Carolina.

9. Venue is proper in this Court because the collision between the Defendant's and Plaintiff's vehicle occurred in Lexington County, South Carolina.

10. On or about December 4, 2024, Plaintiff was traveling west on I-20 in Lexington County when he was struck from behind by Copeland who was driving a vehicle owned by IDC and while in the course and scope of his employment with IDC.

11. Plaintiff is informed and believes that Copeland was negligent, careless, reckless or grossly negligent in at least one of the following ways:

    (a) Failing to maintain a proper lookout;
    (b) Aggressive operation of a vehicle;
    (c) Failing to apply his brakes in a proper manner;
    (d) Not maintaining his vehicle under proper control;
    (e) Not traveling at a reasonable speed;
    (f) Driving distracted;
    (g) Violating state and federal motor vehicle regulations; and
    (h) Failing to exhibit the degree of care that a reasonably prudent person would have exhibited under the prevailing circumstances.

Any and all of which were in violation of the statutory and common laws of South Carolina.

12. Plaintiff is informed and believes that IDC was negligent, careless, reckless or grossly negligent in at least one of the following ways:

    (a) Failing to hire safe, qualified personnel;
    (b) Failing to adequately train and manage personnel;
    (c) Failing to adequately monitor and supervise personnel;
    (d) Failing to follow applicable state and federal regulations; and
    (e) In such other particulars as may be found through discovery or trial.

13. By reason and in consequence of the Defendants' aforesaid acts and/or omissions, Plaintiff sustained past, present, and future actual damages, including but not limited to:

    (a) expenses for medical services, past, present and future;
    (b) lost enjoyment of life;
    (c) physical pain and suffering;
    (d) mental anguish;
    (e) lost wages and loss of earning capacity;
    (f) permanent physical impairment;
    (g) property damage; and
    (h) such other particulars as may be found through discovery or trial.

14. Plaintiff is entitled to actual damages as well as punitive damages based on Defendants' recklessness.

WHEREFORE, the Plaintiff prays as follows: (a) that the Plaintiff recovers a judgment against the Defendants, jointly and severally, in an amount sufficient to compensate him for his injuries and damages as described above; (b) that Plaintiff recovers a judgment for an amount of punitive damages as authorized by law; (c) that Plaintiff recovers all costs associated with this action; and (d) that Plaintiff recovers such other relief as the court may deem just and proper.

MILLER, DAWSON, SIGAL & WARD, LLC

*s/Bradley L. Lanford*
Bradley L. Lanford | Federal Bar No. 9371
914 Richland Street, Building C
Columbia, South Carolina 29201
Telephone (803) 962-7804
bradley@mdswlegal.com
*Attorney for the Plaintiff*

May 21, 2025
Columbia, South Carolina